# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10657
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 8, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HUMBERTO RODRIGUEZ-LOZANO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-17-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Humberto Rodriguez-Lozano appeals the 48-month above-Guidelines sentence imposed in connection with his conviction for illegal reentry after deportation. Rodriguez-Lozano argues that the district court violated the Ex Post Facto Clause in applying the 2016 Guidelines Manual because the 2015 Guidelines, which were in effect at the time he was found unlawfully present in the United States, would have resulted in a lower sentencing range.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10657

However, he concedes that his argument may be foreclosed by our recent decision in *United States v. Godoy*, 890 F.3d 531, 536-41 (5th Cir. 2018).

The district court must apply the version of the Sentencing Guidelines effective at the time of sentencing unless doing so would violate the Ex Post Facto Clause of the United States Constitution. *United States v. Rodarte-Vasquez*, 488 F.3d 316, 322 (5th Cir. 2007); *see* U.S.S.G. § 1B1.11(a), (b)(1). "Although the sentencing guidelines are now advisory, [an ex post facto] violation occurs when the application of the Guidelines in effect at sentencing results in a harsher penalty than would application of the Guidelines in effect when the offense was committed." *United States v. Myers*, 772 F.3d 213, 219 (5th Cir. 2014) (internal quotation marks and citation omitted).

Because Rodriguez-Lozano did not argue in the district court that application of the 2016 Guidelines was an ex post facto violation, review of this issue is limited to plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).   Though Rodriguez-Lozano's prior burglary conviction no longer qualifies as a crime of violence for purposes of U.S.S.G § 2L1.2 (b)(1)(A)(ii) (2015), *see United States v. Herrold*, 883 F.3d 517, 520-23, 539-41 (5th Cir. 2018) (en banc), *petitions for cert. filed* (Apr. 18, 2018) (No. 17-1445) and (May 21, 2018) (No.17-9127), it qualifies as an aggravated felony for purposes of § 2L1.2(b)(1)(C) (2015), *see Godoy*, 890 F.3d at 536-41.  In the instant case, the Guidelines range is the same under either the 2015 or the 2016 Guidelines. Thus, there was no Ex Post Facto violation in the application of the 2016 Guidelines and no plain error.  *See Godoy*, 890 F.3d at 541; *Puckett*, 556 U.S. at 135.

The judgment of the district court is AFFIRMED.

2